**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Cameron Padgett, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:18-cv-13 |
| | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | |
| Neville G. Pinto, | : | **JURY DEMAND ENDORSED HEREIN** |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT (DOC. 1)

### PRELIMINARY STATEMENT

The University of Cincinnati respects the principles of the First Amendment and freedom of speech. Plaintiff—who is not a student or in any way affiliated with the University—requested to rent space inside a University building to hold a speaking event featuring Richard Spencer, who is also not affiliated with the University. The University agreed to honor that request and offered to rent Plaintiff a room in Zimmer Hall on March 14, 2018, for this event.

University public safety experts developed a safety plan to provide security and law enforcement personnel for this event. The portion of the rental fee at issue in this case is only a mere fraction of the costs associated with the overall safety plan. In assessing this fee, no consideration was given to the content of any speech at the event or potential audience reaction to any speech. Such a content-neutral fee is properly assessed to the person or group hosting the event consistent with prior University practice.  Despite the University's efforts to accommodate his request consistent with the principles of free speech, Plaintiff brought this meritless lawsuit.

1. Answering Paragraph 1 of the Complaint, this Paragraph contains statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent that this Paragraph is deemed to allege facts, Defendant denies said facts;

2. Answering Paragraph 2 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

3. Answering Paragraph 3 of the Complaint, Defendant admits only that Dr. Neville Pinto is the president of the University of Cincinnati and is an adult natural person. Defendant denies the remaining allegations contained therein;

4. Answering Paragraph 4 of the Complaint, Defendant admits only that jurisdiction is proper. Defendant denies the remaining allegations contained therein;

5. Answering Paragraph 5 of the Complaint, Defendant admits only that jurisdiction is proper based on the current allegations in the Complaint. Defendant denies the remaining allegations contained therein;

6. Answering Paragraph 6 of the Complaint, Defendant admits only that venue is proper based on the current allegations in the Complaint. Defendant denies the remaining allegations contained therein;

7. Answering Paragraph 7 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

8. Answering Paragraph 8 of the Complaint, this Paragraph contains Plaintiff's subjective summation of Identitarian philosophy. Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

9. Answering Paragraph 9 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

10. Answering Paragraph 10 of the Complaint, Defendant admits only that "alt-right" is used as an abbreviation for "alternative right." The remainder of Paragraph 10 contains Plaintiff's subjective summation of alternative right philosophy. Defendant denies the remainder for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

11. Answering Paragraph 11 of the Complaint, Defendant admits only that Richard Spencer graduated from the University of Virginia and the University of Chicago. Defendant denies the remainder of Paragraph 11 but avers that Richard Spencer is a public figure;

12. Answering Paragraph 12 of the Complaint, this Paragraph contains Plaintiff's view of NPI. Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

13. Answering Paragraph 13 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

14. Answering Paragraph 14 of the Complaint, Defendant acknowledges Plaintiff's point that Antifa raises legitimate security concerns, but denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

15. Answering Paragraph 15 of the Complaint, Defendant admits the allegations contained therein;

16. Answering Paragraph 16 of the Complaint, Defendant admits only that Dr. Neville Pinto is the president of the University of Cincinnati. Defendant denies the remaining allegations contained therein;

17. Answering Paragraph 17 of the Complaint, Defendant admits only that non-university clients may rent various venues at the University of Cincinnati for events and http://www.uc.edu/eventservices/non-university.html is a University of Cincinnati website;

18. Answering Paragraph 18 of the Complaint, Defendant admits only that Plaintiff contacted the University of Cincinnati on or about September 26, 2017 and inquired about renting an event room. Defendant denies all remaining allegations contained therein;

19. Answering Paragraph 19 of the Complaint, Defendant admits the allegations contained therein;

20. Answering Paragraph 20 of the Complaint, Defendant admits the allegations contained therein;

21. Answering Paragraph 21 of the Complaint, Defendant admits the allegations contained therein;

22. Answering Paragraph 22 of the Complaint, Defendant admits the allegations contained therein;

23. Answering Paragraph 23 of the Complaint, Defendant denies as written. Defendant avers that the University of Cincinnati Board of Trustees met on October 12, 2017 and, ultimately, chose to accommodate Plaintiff's event room request;

24. Answering Paragraph 24 of the Complaint, Defendant admits only that it does have an online statement regarding Plaintiff's planned event. Defendant denies the remainder as written. Defendant avers that it has complied with Plaintiff's First Amendment rights;

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations contained therein;

26. Answering Paragraph 26 of the Complaint, Defendant admits the allegations contained therein;

27. Answering Paragraph 27 of the Complaint, Defendant admits the allegations contained therein;

4

28. Answering Paragraph 28 of the Complaint, Defendant admits that www.uc.edu/publicsafety/services/special-events/faq.html is one of several pages on the University of Cincinnati website. Defendant denies all remaining allegations and avers that none of the factors listed in this Paragraph had any impact on the content-neutral fee assessed for Plaintiff's event;

29. Answering Paragraphs 29 of the Complaint, Defendant denies the allegations contained therein;

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations contained therein;

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations contained therein;

32. Answering Paragraph 32 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations contained therein;

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations contained therein;

35. Answering Paragraph 35 of the Complaint, Defendant denies as written. Defendant avers that he has not discriminated against Plaintiff in any way;

36. Answering Paragraph 36 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

37. Answering Paragraph 37 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

38. Answering Paragraph 38 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

39. Answering Paragraph 39 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

40. Answering Paragraph 40 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

41. Answering Paragraph 41 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

42. Answering Paragraph 42 of the Complaint, Defendant denies for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained therein;

44. Answering Paragraph 44 of the Complaint, Defendant denies the allegations contained therein;

45. Answering Paragraph 45 of the Complaint, Defendant denies the allegations contained therein;

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained therein;

47. Answering Paragraph 47 of the Complaint, this Paragraph contains a legal conclusion to which no responsive pleading is required or appropriate. To the extent that this Paragraph is deemed to allege facts, Defendant denies as written. Defendant denies that it infringed on Plaintiff's Constitutional rights;

48. Answering Paragraph 48 of the Complaint, Defendant denies the allegations contained therein;

49. Answering Paragraph 49 of the Complaint, Defendant denies the allegations contained therein;

50. Answering Paragraph 50 of the Complaint, Defendant denies the allegations contained therein;

51. Answering Paragraph 51 of the Complaint, Defendant denies the allegations contained therein;

52. Answering Paragraph 52 of the Complaint, Defendant denies the allegations contained therein;

53. Answering Paragraph 53 of the Complaint, Defendant denies the allegations contained therein;

54. Answering Paragraph 54 of the Complaint, Defendant denies the allegations contained therein;

55. Answering Paragraph 55 of the Complaint, Defendant denies the allegations contained therein;

56. Answering Paragraph 56 of the Complaint, Defendant denies the allegations contained therein;

57. Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained therein;

58. Answering Paragraph 58 of the Complaint, Defendant denies the allegations contained therein;

59. Answering Paragraph 59 of the Complaint, Defendant denies the allegations contained therein;

60. Defendant denies all facts not specifically admitted herein to be true.

**First Defense**

19. Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, as well as immunity from punitive damages. This includes, but is not limited to, the provisions of Ohio Revised Code Chapter 2743;

**Second Defense**

20. The Eleventh Amendment to the United States Constitution bars all or some of Plaintiff's claims;

**Third Defense**

21. Plaintiff failed to mitigate his damages in whole or in part;

**Fourth Defense**

22. Plaintiff has failed to state a claim upon which relief may be granted;

**Fifth Defense**

23. Some or all of Plaintiff's claims may be barred by lack of standing;

**Sixth Defense**

24. Plaintiff's claim is not ripe because he has not paid his rental fee or obtained insurance required under the event services contract with Defendant;

**Seventh Defense**

25. Defendant hereby reserves the right to assert any other matter constituting an avoidance or affirmative defense for which discovery reveals a basis.

Wherefore, Defendant asks the Court to deny all of Plaintiff's claims and requests for relief, dismiss this action and tax all costs of this case to Plaintiff.

Respectfully submitted,

**Isaac, Wiles, Burkholder & Teetor, LLC**

/s/ Mark Landes
**Mark Landes** (0027227)
mlandes@isaacwiles.com
**Mark Weaver** (0065769)
mweaver@isaacwiles.com
**Andrew N. Yosowitz** (0075306)
ayosowitz@isaacwiles.com
**Shawn K. Judge** (0069493)
sjudge@isaacwiles.com
Two Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
*Attorneys for Defendant Neville G. Pinto*

## JURY DEMAND

A trial by jury comprised of the maximum number of jurors permitted by law is hereby demanded.

/s/ Mark Landes
Mark Landes   (0027227)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                 /s/ Mark Landes
                                 Mark Landes    (0027227)

4182626.1 : 00103 00101