# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Cameron Padgett, | : | |
| Plaintiff, | : | Case No. 1:18-cv-13 |
| vs. | : | Judge Susan J. Dlott |
| Neville G. Pinto, | : | |
| Defendant. | : | |

## DEFENDANT NEVILLE G. PINTO'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS

Pursuant to Fed. R. Civ. P. 12(c), Defendant, Neville G. Pinto, moves for the dismissal of all claims against him in his individual capacity. Plaintiff fails to allege any personal involvement, either directly or indirectly, of President Pinto. The few allegations that Plaintiff asserts against President Pinto are conclusory and fail to meet the *Iqbal-Twombly* standard. A Memorandum in Support is attached hereto.

/s/ Mark Landes
**Mark Landes** (0027227)
mlandes@isaacwiles.com
**Mark Weaver** (0065769)
mweaver@isaacwiles.com
**Andrew N. Yosowitz** (0075306)
ayosowitz@isaacwiles.com
**Shawn K. Judge** (0069493)
sjudge@isaacwiles.com
**Isaac, Wiles, Burkholder & Teetor, LLC**
2 Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
*Attorneys for Defendant Neville G. Pinto*

**MEMORANDUM IN SUPPORT**

I. **RELEVANT FACTS**

Plaintiff sues Neville Pinto in his personal (individual) and official capacities. (Complaint, Doc. 1, Case Caption, ¶ 3, Page ID # 1-2). Plaintiff alleges that "Defendant"[1] violated his right to free speech by requiring him to pay a fee for the expenses associated with his rental of the space for his speaking event. (*Id.* at ¶ 1, Page ID # 1.) In his individual capacity, Defendant Neville Pinto is the President of the University of Cincinnati. (*Id.* at ¶ 3, Page ID #2.) In a conclusory manner, Plaintiff alleges that President Pinto is "ultimately responsible for all policies enacted and enforced at UC." (*Id.* at ¶ 3, Page ID # 2.) Similarly, Plaintiff alleges that President Pinto, by himself, "makes and implements policy decisions for UC." (*Id.* at ¶ 16, Page ID # 4.) The preceding allegations are the only specific allegations made against President Pinto in his individual capacity.

II. **LAW AND ARGUMENT**

A. **PLAINTIFF FAILS TO STATE A COGNIZABLE INDIVIDUAL CAPACITY SECTION 1983 CLAIM AGAINST PRESIDENT PINTO**

To establish personal liability under 42 U.S.C. § 1983, a plaintiff must show that each defendant charged "caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Stated differently, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d

---

[1] Throughout the Complaint, Plaintiff uses the term "Defendant" as if the claims against President Pinto in his individual capacity are the same as the claims against President Pinto in his official capacity. An individual-capacity claim is distinct from a claim against a defendant in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). The former claim may attach personal liability to the government official, whereas the latter claim may attach liability only to the governmental entity. *See id.* at 166-67. In other words, an official-capacity claim is merely another name for a claim against the university. *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent.").

868 (2009). In *Ashcroft v. Iqbal*, the Supreme Court stated that in suits under § 1983, "the term 'supervisory liability' is a misnomer" because "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." 556 U.S. at 677. This means that a supervisory official cannot be liable under a theory of vicarious liability, *id.* at 676, or, in other words, "simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citation omitted). A supervisor's mere failure to act is therefore not enough to establish supervisory liability; instead, "supervisory liability requires some 'active constitutional behavior' on the part of the supervisor." *Id.* (quotation omitted); *see also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Instead the liability must be based upon active unconstitutional behavior." (citation omitted)).

In this case, the Complaint does not allege the personal involvement of President Pinto in the events giving rise to Plaintiff's claims. Plaintiff asserts that a security fee proposed by the University of Cincinnati violates his First and Fourteenth Amendment rights. In Paragraphs 17-30 of the Complaint, Plaintiff recounts his contact with university officials regarding the fees for his speaking event. (Complaint, Doc. 1, ¶¶ 17-30, Page ID # 4-7.) Tellingly, Plaintiff does not mention President Pinto at all in these Paragraphs. (*Id*.)

In an attempt to shoehorn President Pinto into this lawsuit, Plaintiff alleges that President Pinto is responsible for all decisions made by University employees simply because he is the President of the University. Hence, Plaintiff's sole theory is that President Pinto is liable under a theory of *respondeat superior* (*Id.* at ¶ 3, 16, Page ID # 2, 4.) Of course, it is well settled that a supervisory official cannot be held liable under § 1983 on a theory of *respondeat superior*. *Iqbal*,

3

556 U.S. at 676. Nor do unsupported allegations suffice. The Sixth Circuit has opined, in the context of a § 1983 case, that the pleading standard is "relatively strict." *Gavitt v. Born*, Nos. 15-2136/2434, 835 F.3d 623, 2016 U.S. App. LEXIS 16181, at *17 (6th Cir. Sept. 1, 2016). Under this standard, the plaintiff's "obligation to provide the 'grounds' for the claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" 2016 U.S. App. LEXIS 16181, at *10 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's conclusory assertions that President Pinto is somehow responsible for all UC policy simply do not meet the *Iqbal-Twombly* standard.

For the foregoing reasons, Plaintiff's Complaint fails to state a claim under § 1983 against President Pinto in his individual capacity.

**B.     PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST PRESIDENT PINTO IN HIS INDIVIDUAL CAPACITY ARE IMPROPER**

Because Plaintiff does not distinguish his individual and official capacity claims, it is not clear whether Plaintiff seeks declaratory and injunctive relief against President Pinto in his official capacity (permissible) or in his individual capacity (impermissible). *See* Complaint, Doc. 1, ¶¶ 53-59, Page ID # 14-15. To the extent that Plaintiff requests declaratory or injunctive relief against President Pinto personally, Plaintiff's claim is not cognizable.

The proper vehicle for seeking equitable relief against a government official involving that officer's official duties is an official capacity suit. *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity"); *see also Kirby v. City of Elizabeth City*,

*N.C.*, 388 F.3d 440, 452 n.10 (4th Cir. 2004) (stating that injunctive relief sought by the plaintiff could only be awarded against the officers in their official capacities)*; Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989); *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26-27 (D.D.C. 2007); *Pascarella v. Swift Transp. Co.*, 643 F. Supp. 2d 639, 647 n.11 (D.N.J. 2009); *Hansler v. Kelly*, No. 6:16-cv-6088, 2017 U.S. Dist. LEXIS 134103 at *29 (W.D. Ark. July 20, 2017). Here, the alleged constitutional deprivation Plaintiff seeks to remedy was perpetrated by State employees and can only be remedied by State employees, not by President Pinto in his individual capacity. Therefore, Plaintiff may not seek injunctive or declaratory relief against President Pinto in his personal capacity.

Respectfully submitted,

/s/ Mark Landes
| | |
|---|---|
| **Mark Landes** | **(0027227)** |
| mlandes@isaacwiles.com | |
| **Mark Weaver** | **(0065769)** |
| mweaver@isaacwiles.com | |
| **Andrew N. Yosowitz** | **(0075306)** |
| ayosowitz@isaacwiles.com | |
| **Shawn K. Judge** | **(0069493)** |
| sjudge@isaacwiles.com | |

**Isaac, Wiles, Burkholder & Teetor, LLC**
2 Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
*Attorneys for Defendant Neville G. Pinto*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mark Landes
Mark Landes (0027227)