# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Cameron Padgett, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:18-cv-13 |
| | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | |
| Neville G. Pinto, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT NEVILLE G. PINTO'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S OFFICIAL CAPACITY CLAIMS

Pursuant to Fed. R. Civ. P. 12(C), Defendant, Neville G. Pinto, in his official capacity, moves for the dismissal of Plaintiff's claims for monetary damages. The Eleventh Amendment bars Plaintiff's monetary damages claims against President Pinto in his official. A Memorandum in Support is attached hereto.

|  |  |
|---|---|
| /s/ Mark Landes | |
| **Mark Landes** | **(0027227)** |
| mlandes@isaacwiles.com | |
| **Mark Weaver** | **(0065769)** |
| mweaver@isaacwiles.com | |
| **Andrew N. Yosowitz** | **(0075306)** |
| ayosowitz@isaacwiles.com | |
| **Shawn K. Judge** | **(0069493)** |
| sjudge@isaacwiles.com | |
| **Isaac, Wiles, Burkholder & Teetor, LLC** | |
| 2 Miranova Place, Suite 700 | |
| Columbus, Ohio 43215 | |
| Tel: 614-221-2121; Fax: 614-365-9516 | |
| *Attorneys for Defendant Neville G. Pinto* | |

**MEMORANDUM IN SUPPORT**

I.  **RELEVANT FACTS**

The facts relevant to this Motion are as follows:

- Plaintiff has sued Neville Pinto, the President of the University of Cincinnati, in his official capacity. (Complaint, Doc. 1, Case Caption, ¶ 3, Page ID # 1, 2.)

- The University of Cincinnati is a public university created by the State of Ohio. (*Id*. at ¶ 15, Page ID # 4.)

- Plaintiff alleges that the University of Cincinnati is liable for violating 42 U.S.C. Section 1983. (Complaint, Doc. 1, ¶¶ 46-52, Page ID # 12-13.)

- Plaintiff seeks monetary damages, including punitive damages, for all of his claims, including his official capacity claims. (*Id*. at Page ID #13.)

II. **LAW AND ARGUMENT**

    A.    **Plaintiff's Official Capacity Claim Against President Pinto Is A Claim Against The University Of Cincinnati**

An official-capacity claim is "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff's official capacity claim is therefore functionally a claim against the University of Cincinnati.

    B.    **Plaintiff's Claims For Monetary Damages Against The University Of Cincinnati Are Barred By The Eleventh Amendment**

Plaintiff alleges that the University of Cincinnati is liable for violating 42 U.S.C. § 1983. (Complaint, Doc. 1, ¶¶ 46-52, Page ID # 12-13.) Section 1983 provides that "[e]very *person* who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." (Emphasis added). State entities are not considered "person[s]" that can be liable under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 109 S. Ct. 2304, 105 L. Ed. 2d

45 (1989). Similarly, § 1983 claims do not lie against instrumentalities of a state, including state universities. *Russell v. Univ. of Toledo*, 537 F.3d 596, 610 (6th Cir. 2008). The University of Cincinnati is an instrumentality of the State of Ohio and cannot be subjected to liability under §1983. (Complaint, ¶ 15, Page ID 4; Ohio Rev. Code § 3361.01.)

Moreover, even if the University of Cincinnati were a "person," the Eleventh Amendment bars Plaintiff's § 1983 claim. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (holding that "[i]t is clear, of course, that in the absence of consent to suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").The Sixth Circuit has stated, unequivocally, that the Eleventh Amendment bars all suits against the state and its departments. *Thiokol Corp. v. Dep't of Treas.*, 987 F.2d 376, 381 (6th Cir. 1993). As a state university, the University of Cincinnati is considered an arm of the State of Ohio and therefore is exempt from § 1983 liability. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (2000). The Sixth Circuit has specifically held that the Eleventh Amendment immunity extends to Ohio's state universities. *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984) (public colleges and universities are arms of their respective state governments and immune from lawsuits); *see also* Ohio Rev. Code § 3345.011 (defining "state university" as a "body politic and corporate" and specifically including the University of Cincinnati).

An exception to Eleventh Amendment immunity permits suit against state officials for purely injunctive relief, but the exception does *not* include relief involving the payment of public funds from state revenues. *Yates-Mattingly v. Univ. of Cincinnati*, Case No. 1:11-cv-753, 2012 U.S. Dist. LEXIS 124101 at *7-8 (S.D. Ohio Aug. 31, 2012) (citing *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908); *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L.

3

Ed. 2d 662 (1974)). Because the Eleventh Amendment is an "explicit limitation on federal judicial power," *Edelman*, 415 U.S. at 678 (quoting *Ford Motor Co. v. Dep't of Treas. of Indiana*, 323 U.S. 459, 467, 89 L. Ed. 389, 65 S. Ct. 347 (1945)), a federal court is without jurisdiction to hear a claim against an unconsenting state absent congressional abrogation. *See Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S. Ct. 2273, 2277, 105 L. Ed. 2d 1 (1989); *Atascadero*, 473 U.S. at 242. Plaintiff's claims against the University of Cincinnati for monetary damages must be dismissed for lack of jurisdiction. *See Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam) (ordering dismissal of state defendant sued under 42 U.S.C. § 1983 because "the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies").

## III.     CONCLUSION

For the foregoing reasons, the Court should dismiss the monetary claims against the official-capacity Defendant. Coupled with the necessary dismissal of the individual-capacity Defendant as requested in the companion Rule 12(c) motion, the only claim remaining for disposition should be injunctive relief against the official-capacity Defendant. To dispose of that claim, the official-capacity Defendant will provide the Court additional information concerning the content-neutral rental cost for Plaintiff's proposed event.

Respectfully submitted,

/s/ Mark Landes
**Mark Landes**          **(0027227)**
mlandes@isaacwiles.com
**Mark Weaver**          **(0065769)**
mweaver@isaacwiles.com
**Andrew N. Yosowitz**   **(0075306)**
ayosowitz@isaacwiles.com
**Shawn K. Judge**       **(0069493)**
sjudge@isaacwiles.com
**Isaac, Wiles, Burkholder & Teetor, LLC**

2 Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax: 614-365-9516
*Attorneys for Defendant Neville G. Pinto*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Mark Landes
Mark Landes (0027227)