**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CAMERON PADGETT,** | Case No. 1:18-cv-00013-SJD |
| Plaintiff, | Hon. Susan J. Dlott |
| v. | |
| **NEVILLE G. PINTO,** | |
| Defendant. | |

**BRISTOW LAW, PLLC**
By:  Kyle J. Bristow (#0089543)
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  BristowLaw@gmail.com
*Attorney for Cameron Padgett*

**KOLENICH LAW OFFICE**
James E. Kolenich
9435 Waterstone Blvd., Ste. 140
Cincinnati, OH 45069
(T):  (513) 444-2150
(F):  (513) 297-6065
(E):  jek318@gmail.com
*Attorney for Cameron Padgett*

**ISAAC, WILES, BURKHOLDER & TEETOR, LLC**
Mark Landes (#0027227)
Mark Weaver (#0065769)
Andrew N. Yosowitz (#0075306)
Shawn K. Judge (#0069493)
2 Miranova Pl., Ste. 700
Columbus, OH 43215
(T):  (614) 221-2121
(F):  (614) 365-9516
(E):  mlandes@isaacwiles.com
(E):  mweaver@isaacwiles.com
(E):  ayosowitz@isaacwiles.com
(E):  sjudge@isaacwiles.com
*Attorneys for Neville G. Pinto*

---

**<u>PLAINTIFF CAMERON PADGETT'S ANSWER TO DEFENDANT NEVILLE G. PINTO'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S OFFICIAL CAPACITY CLAIMS</u>**
**<u>(ORAL ARGUMENT NOT REQUESTED)</u>**

---

NOW COMES Cameron Padgett ("Plaintiff"), by and through Attorney Kyle J. Bristow,

and hereby propounds upon Neville G. Pinto ("Defendant") and this Honorable Court Plaintiff

Cameron Padgett's Answer to Defendant Neville G. Pinto's Motion for Judgment on the Pleadings on Plaintiff's Official Capacity Claims:

1.  Plaintiff is suing Defendant in Defendant's official capacity for injunctive relief and attorney's fees only and Plaintiff is suing Defendant in Defendant's personal capacity for monetary damages, attorney's fees, and injunctive relief.  (Complaint, Doc 1, Prayers for Relief, Page ID # 13, 16).  Nowhere in Plaintiff's Complaint's prayers for relief does Plaintiff request an award of money damages against Defendant in Defendant's official capacity, which renders Defendant's instant motion completely unnecessary.[1]

2.  The Court can grant Defendant's Motion in part insofar as Defendant is seeking a decree that Defendant—in Defendant's official capacity—is not liable to Plaintiff for nominal, general, special, or punitive money damages due to the Eleventh Amendment to the United States Constitution—which Plaintiff does not dispute—, but the Court should deny Defendant's Motion in part insofar as the Court can nevertheless award attorney's and injunctive relief to Plaintiff against Defendant in Defendant's official capacity.

WHEREFORE, Plaintiff prays that the Honorable Court will grant Defendant's Motion only in part insofar as Defendant is seeking a decree that Defendant—in Defendant's official capacity—is not liable to Plaintiff for nominal, general, special, or punitive money damages due to the Eleventh Amendment to the United States Constitution, but the Court should deny Defendant's Motion in part insofar as the Court can nevertheless award attorney's and injunctive relief to Plaintiff against Defendant in Defendant's official capacity.

---

[1] Defendant did not even attempt to seek concurrence from Plaintiff prior to filing Defendant's unnecessary Motion which seeks judgment on a non-existent monetary claim against Defendant in Defendant's official capacity.

Respectfully submitted,

**BRISTOW LAW, PLLC**


/s/ Kyle J. Bristow
Kyle J. Bristow (#0089543)
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  BristowLaw@gmail.com
*Attorney for Cameron Padgett*

Dated:  February 6, 2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CAMERON PADGETT,** | Case No. 1:18-cv-00013-SJD |
| Plaintiff, | Hon. Susan J. Dlott |
| v. | |
| **NEVILLE G. PINTO,** | |
| Defendant. | |

**BRISTOW LAW, PLLC**
By:  Kyle J. Bristow (#0089543)
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  BristowLaw@gmail.com
*Attorney for Cameron Padgett*

**KOLENICH LAW OFFICE**
James E. Kolenich
9435 Waterstone Blvd., Ste. 140
Cincinnati, OH 45069
(T):  (513) 444-2150
(F):  (513) 297-6065
(E):  jek318@gmail.com
*Attorney for Cameron Padgett*

**ISAAC, WILES, BURKHOLDER & TEETOR, LLC**
Mark Landes (#0027227)
Mark Weaver (#0065769)
Andrew N. Yosowitz (#0075306)
Shawn K. Judge (#0069493)
2 Miranova Pl., Ste. 700
Columbus, OH 43215
(T):  (614) 221-2121
(F):  (614) 365-9516
(E):  mlandes@isaacwiles.com
(E):  mweaver@isaacwiles.com
(E):  ayosowitz@isaacwiles.com
(E):  sjudge@isaacwiles.com
*Attorneys for Neville G. Pinto*

---

**PLAINTIFF CAMERON PADGETT'S BRIEF IN SUPPORT OF HIS ANSWER TO DEFENDANT NEVILLE G. PINTO'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S OFFICIAL CAPACITY CLAIMS**

---

**TABLE OF CONTENTS**

I.   TABLE OF AUTHORITIES ................................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................................... 2

III. STATEMENT OF ISSUES PRESENTED............................................................................ 2

IV.  STANDARD OF REVIEW ................................................................................................. 3

V.   PRINCIPAL POINT OF ARGUMENT .............................................................................. 4

    A.  DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS
       PURSUANT TO FED. R. CIV. P. 12(c) FOR PLAINTIFF'S NON-EXISTENT
       CLAIM   FOR   MONEY   DAMAGES   AGAINST   DEFENDANT   IN
       DEFENDANT'S OFFICIAL CAPACITY ...........................................................................4

    B.  DEFENDANT IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS
       PURSUANT TO FED. R. CIV. P. 12(c) FOR PLAINTIFF'S CLAIM FOR
       ATTORNEY'S FEES AGAINST DEFENDANT IN DEFENDANT'S OFFICIAL
       CAPACITY .........................................................................................................................4

VI.  CONCLUSION..................................................................................................................... 6

## I.  TABLE OF AUTHORITIES

**Case Law**

*Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356 (6th Cir. 2001) ....................................3

*Greenberg v. Life Ins. Co.*, 177 F.3d 507 (6th Cir. 1999).........................................................3

*Hutto v. Finney*, 437 U.S. 678 (1978)...................................................................................5

*Jones v. City of Carlisle, Ky.*, 3 F.3d 945 (6th Cir. 1993) ........................................................3

*Maher v. Gagne*, 448 U.S. 122 (1980)...................................................................................5

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ...............................................................................3

*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008) ..............................3

*Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith*, 479 F.2d 478 (6th
    Cir. 1973) ............................................................................................................................3

*Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980) ........................................................................3

*U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) ...........................................................3

**Statutory and Constitutional Law**

Eleventh Amendment to the United States Constitution ...............................................2, 4-6

First Amendment to the United States Constitution ...........................................................5

Fourteenth Amendment to the United States Constitution ..................................................5

42 U.S.C. § 1983.................................................................................................................5

42 U.S.C. § 1988(b) ...........................................................................................................5

**Court Rules**

Fed. R. Civ. P. 10(c) ..........................................................................................................3

Fed. R. Civ. P. 12(b)(6).......................................................................................................3

Fed. R. Civ. P. 12(c) .........................................................................................................2-4

1

## II.  STATEMENT OF FACTS

The Court's attention is directed to the averments of act contained within Plaintiff Cameron Padgett's Verified Complaint.   (Complaint, Doc 1, Page ID # 1-17).   Notwithstanding the foregoing, the following factual allegations are relevant for purposes of the instant Motion:

1.  Plaintiff attempted to rent a publicly available room for rent at the University of Cincinnati so as to host various political figures who espouse controversial right-of-center political opinions—which necessitates security for the event. (Complaint, Doc 1, ¶¶ 7, 13, 15, 17, Page ID # 3-4).

2.  The rental fee for the room Plaintiff desired to rent was only $500—but a security fee of $10,833.00 was charged along with it.  (Complaint, Doc 1, ¶ 27, Page ID # 7).

3.  The University of Cincinnati determines security fees by using two criterions which Plaintiff maintains constitute unconstitutional content discrimination on their face and as applied to Plaintiff's situation: "Is the event/speaker controversial?" and "Have any threats been received?"  (Complaint, Doc 1, ¶ 28, 31, Page ID # 7-8).  See *Forsyth County v. Nationalist Movement*, 505 U.S. 123 (1992); *Sonnier v. Crain*, 613 F.3d 436 (5th Cir. 2010); *Bible Believers v. Wayne County*, 805 F.3d 228, 247 (6th Cir. 2015).

4.  Plaintiff is suing Defendant in Defendant's official capacity for injunctive relief and attorney's fees only and Plaintiff is suing Defendant in Defendant's personal capacity for monetary damages, attorney's fees, and injunctive relief. (Complaint, Doc 1, Prayers for Relief, Page ID # 13, 16).  Nowhere in Plaintiff's Complaint's prayers for relief does Plaintiff request an award of money damages against Defendant in Defendant's official capacity, and yet Defendant nevertheless is seeking judgment on the pleadings for this non-existent claim for damages against Defendant in Defendant's official capacity.

## III.  STATEMENT OF ISSUES PRESENTED

1.  Whether Defendant is entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for Plaintiff's non-existent claim for money damages against Defendant in Defendant's official capacity due to the Eleventh Amendment to the United States Constitution.

> Plaintiff's Answer:    Yes, and if it was not barred, Plaintiff would have requested such damages in Plaintiff's prayers for relief.

> Defendant's Answer:  Yes.

2

2.  Whether Defendant is entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for Plaintiff's claim for attorney's fees against Defendant in Defendant's official capacity.

> Plaintiff's Answer:    No.
>
> Defendant's Answer:  Yes.

## IV.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) states "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The same standard of review used for motions made via Fed. R. Civ. P. 12(b)(6) is to be used for motions made via Fed. R. Civ. P. 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

On a motion brought under Fed. R. Civ. P. 12(c), the Court's inquiry is generally limited to the content of the complaint, although matters of public record, orders, and exhibits attached to the pleadings may also be taken into account.  See Fed. R. Civ. P. 10(c); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999).

In evaluating a motion for dismissal under Fed. R. Civ. P. 12(c), the trial court must "consider the pleadings and affidavits in light most favorable to the [non-moving] party."  *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  When ruling on a Fed. R. Civ. P. 12(c) motion, the trial court must assume that the complaint's factual allegations are true and should construe all inferences from them in the non-moving party's favor.  *U.S. v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  The trial court must not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); see also *Southern Ohio Bank*

*v. Merrill Lynch, Pierce, Fenner & Smith*, 479 F.2d 478, 480 (6th Cir. 1973) (a motion for judgment

on the pleadings should only be granted "if the moving party is * * * clearly entitled to judgment").

## V.  PRINCIPAL POINT OF ARGUMENT

### A.  DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) FOR PLAINTIFF'S NON-EXISTENT CLAIM FOR MONEY DAMAGES AGAINST DEFENDANT IN DEFENDANT'S OFFICIAL CAPACITY

Plaintiff is suing Defendant in Defendant's official capacity for injunctive relief and

attorney's fees only and Plaintiff is suing Defendant in Defendant's personal capacity for monetary

damages, attorney's fees, and injunctive relief.  (Complaint, Doc 1, Prayers for Relief, Page ID #

13, 16).  Nowhere in Plaintiff's Complaint's prayers for relief does Plaintiff request an award of

money damages against Defendant in Defendant's official capacity, and yet Defendant

nevertheless is seeking judgment on the pleadings for this non-existent claim for damages.

The Eleventh Amendment to the United States Constitution bars Plaintiff seeking money

damages against Defendant in Defendant's official capacity, which is precisely why Plaintiff did

not pray for such an award in the prayers for relief of Plaintiff's Complaint.  (Complaint, Doc 1,

Prayers for Relief, Page ID # 13, 16).

The Court can decree that Plaintiff cannot recover nominal, general, special, or punitive

damages against Defendant in Defendant's official capacity due to the Eleventh Amendment to

the United States Constitution.  Such a decree, however, would be a practical nullity because

Plaintiff never requested such relief in the first place and does not seek it now.

### B.  DEFENDANT IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) FOR PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AGAINST DEFENDANT IN DEFENDANT'S OFFICIAL CAPACITY

Although Plaintiff cannot recover monetary relief in the form of nominal, general, special,

or punitive damages against Defendant in Defendant's official capacity, Plaintiff can nevertheless

4

recover attorney's fees against Defendant in Defendant's official capacity—pursuant to 42 U.S.C. § 1988(b)—and injunctive relief.  Defendant does not dispute that Plaintiff can seek injunctive relief against Defendant in Defendant's official capacity, but there is ambiguity in Defendant's Motion as to the issue of whether attorney's fees can be awarded to Plaintiff, and so Plaintiff will address it herein.  (Motion, Doc 11, Page ID # 3-4) ("An exception to Eleventh Amendment immunity permits suit against state officials for purely injunctive relief, but the exception does *not* include relief involving the payment of public funds from state revenues.").

In *Hutto v. Finney*, 437 U.S. 678 (1978), the Supreme Court affirmed two awards of attorney's fees against a state government.  In *Missouri v. Jenkins*, 491 U.S. 274, 280 (1989), the Supreme Court made it clear that the "holding of *Hutto* * * * was not just that Congress had spoken sufficiently clearly to overcome Eleventh Amendment immunity in enacting § 1988, but rather, that the Eleventh Amendment did not apply to an award of attorney's fees ancillary to a grant of prospective relief."  Furthermore, in *Maher v. Gagne*, 448 U.S. 122 (1980), it was decreed that federal courts can award attorney's fees for claims made against state actors in their official capacities provided that there is a substantial claim raised under the Constitution or a statute enacted under § 5 of the Fourteenth Amendment to the United States Constitution.  42 U.S.C. § 1983, of course, is a statute enacted under § 5 of the Fourteenth Amendment to the United States Constitution, and Plaintiff's claims against Defendant are substantially raised under the Constitution insofar as the First Amendment thereto is at the crux of the instant controversy.

When Plaintiff ultimately prevails against Defendant in Defendant's official capacity for Defendant having imposed a flagrantly unconstitutional price-tag on Plaintiff's exercise of his free speech rights, Plaintiff will seek an award of attorney's fees pursuant to 42 U.S.C. § 1988(b).

## VI.  CONCLUSION

For the reasons set forth herein, the Honorable Court should grant Defendant's Motion in part insofar as Defendant is seeking a decree that Defendant—in Defendant's official capacity—is not liable to Plaintiff for nominal, general, special, or punitive money damages due to the Eleventh Amendment to the United States Constitution—which Plaintiff does not dispute and which Plaintiff never sought in Plaintiff's Complaint—, but the Court should deny Defendant's Motion in part insofar as the Court can nevertheless award attorney's fees and injunctive relief to Plaintiff against Defendant in Defendant's official capacity.

Respectfully submitted,

**BRISTOW LAW, PLLC**


/s/ Kyle J. Bristow
Kyle J. Bristow (#0089543)
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  BristowLaw@gmail.com
*Attorney for Cameron Padgett*

Dated:  February 6, 2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CAMERON PADGETT,** | Case No. 1:18-cv-00013-SJD |
| Plaintiff, | Hon. Susan J. Dlott |
| v. | |
| **NEVILLE G. PINTO,** | |
| Defendant. | |

| | |
|---|---|
| **BRISTOW LAW, PLLC** | **ISAAC, WILES, BURKHOLDER & TEETOR, LLC** |
| By:  Kyle J. Bristow (#0089543) | Mark Landes (#0027227) |
| P.O. Box 381164 | Mark Weaver (#0065769) |
| Clinton Twp., MI 48038 | Andrew N. Yosowitz (#0075306) |
| (T):  (248) 838-9934 | Shawn K. Judge (#0069493) |
| (F):  (586) 408-6384 | 2 Miranova Pl., Ste. 700 |
| (E):  BristowLaw@gmail.com | Columbus, OH 43215 |
| *Attorney for Cameron Padgett* | (T):  (614) 221-2121 |
| | (F):  (614) 365-9516 |
| **KOLENICH LAW OFFICE** | (E):  mlandes@isaacwiles.com |
| James E. Kolenich | (E):  mweaver@isaacwiles.com |
| 9435 Waterstone Blvd., Ste. 140 | (E):  ayosowitz@isaacwiles.com |
| Cincinnati, OH 45069 | (E):  sjudge@isaacwiles.com |
| (T):  (513) 444-2150 | *Attorneys for Neville G. Pinto* |
| (F):  (513) 297-6065 | |
| (E):  jek318@gmail.com | |
| *Attorney for Cameron Padgett* | |

## <u>CERTIFICATE OF SERVICE</u>

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned

civil action, and on February 6, 2018, I submitted a true and accurate copy of this Certificate of

Service, Plaintiff Cameron Padgett's Brief in Support of His Answer to Defendant Neville G.

Pinto's Motion for Judgment on the Pleadings on Plaintiff's Official Capacity Claims, and Plaintiff

Cameron Padgett's Answer to Defendant Neville G. Pinto's Motion for Judgment on the Pleadings

on Plaintiff's Official Capacity Claims to the Court's Electronic Filing System, which should serve

copies of the same upon all attorney's of record who have registered to receive electronic service

through said system.

<div style="margin-left: 50%;">

/s/ Kyle J. Bristow

Kyle J. Bristow (#0089543)
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  BristowLaw@gmail.com
*Attorney for Cameron Padgett*

</div>

Dated:  February 6, 2018